IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

**1) JOSE PEREZ-QUIRZOLA**
2) ENRIQUE ARISMENDI-VELEZ
3) JEFFREY DUCOT-SOTO
4) DANIEL LEBRON-TORRES
5) MANUEL VELEZ-AVILES
6) ERNIE VARGAS-ROSA

Defendants

CRIMINAL 06-0116CCC

# O R D E R

Defendant José Pérez-Quirsola filed a Motion for Relief and Suppression of Evidence on May 17, 2006 (**docket entry 48**), which was opposed by the United States on June 16, 2006 (**docket entry 53**). Said motion was referred to U.S. Magistrate-Judge Arenas for a Report and Recommendation on May 22, 2006 (docket entry 49), who issued the same on June 28, 2006 (docket entry 57) without previously holding a hearing and recommended that the suppression motion be denied. Defendant then requested from the U.S. Magistrate-Judge on July 13, 2006 a reconsideration of said recommendation, claiming that a hearing would allow him to present new evidence which would support the suppression requested (docket entry 62). The Magistrate-Judge agreed to schedule a hearing (docket entry 81), which was eventually held on November 15, 2006 (see docket entries 86, 87, 93, 97, 98, 99, 101, 103, 104, 107, 108 and 109). A Report and Recommendation on Reconsideration was issued by him on November 30, 2006 (docket entry 115), where the Magistrate-Judge recommended that the motion to suppress be denied. Defendant objected the Report and Recommendation on December 20, 2006 (docket entry 118), and the United States replied to those objections on February 2, 2007 (docket entry 124).

Defendant challenges the traffic stop and subsequent search of his automobile, and in particular of a carton box located in its trunk, as well as the arrest of its occupants and their

CRIMINAL 06-0116CCC                              2

statements which followed it which apparently incriminated him. While defendant was not present when the police intervened with his vehicle, he claims that none of its occupants validly consented to its search nor did they have authority to consent to the search of the closed carton box located in the trunk. That box was full of soiled clothes which apparently had been used by illegal aliens that defendant is charged with transporting and harboring in violation of 8 U.S.C. §§1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) & 1324(a)(1)(A)(v)(II). The Magistrate-Judge concluded that defendant lacked standing to challenge the arrests as he was not arrested then, that the search of the car and of the box located in its trunk was valid since he had relinquished control of his vehicle to the authorized user, Wilfredo Padilla, and searching agents had reason to believe that Padilla had authority to consent to the search by his authorized possession of the vehicle. Defendant, in his objections, does not quarrel with the Magistrate-Judge's conclusion that he did not have standing to dispute the arrests, and concedes that when he "lent his car to Mr. Padilla he waived a claim to suppress evidence seized from any space of his vehicle of which society believes it is reasonable to be used by the driver or passengers, absent the owner (<u>i.e.</u> trunk, glove compartment, seats....)" Objections to Report and Recommendation (docket entry 118), p. 8. He insists, however, that Padilla had no actual or apparent authority to permit the agents to search the carton box located in the trunk. The only issue before us, then, is whether the warrantless search of the box was valid under the Fourth Amendment.

Having reviewed all of the parties' memoranda, the transcript of the suppression hearing (docket entry 123) and its exhibits (docket entry 111), and the relevant case law, we ADOPT the Magistrate-Judge's recommendation that defendant's motion to suppress be denied. Defendant's remaining suppression request is solely premised on his contention that he had a privacy interest in the carton box at issue. But we have differing accounts on who was the owner of the box, with Padilla asserting that he received instructions from co-defendant Enrique Arizmendi to "dispose of the box whenever [he] could"[1] and defendant Pérez-Quirzola claiming

---

[1] Transcript of Suppression Hearing (TR.), (docket entry 123), p. 6, lines 15-16.

CRIMINAL 06-0116CCC                                3

that he told Padilla not to throw the box away because he wanted it for himself.[2] Padilla, however, did not mention during his testimony defendant's purported claim of ownership to the box, and the Magistrate-Judge found it hard to believe "considering the condition the clothes were in, as well as the immediately incriminating nature of the clothes." See Report and Recommendation (docket entry 115), at p. 4, lines 10-13. Given the Magistrate-Judge's credibility finding on this portion of defendant's testimony, and Padilla's testimony, the logical conclusion is that co-defendant Arizmendi, who gave instructions to Padilla on the disposal of the box, was its owner and not defendant Pérez-Quirsola. Thus, the latter's Fourth Amendment interests were not implicated by the challenged governmental action and he simply cannot seek suppression of the box's contents here.

In any event, even if we were to recognize any interest of defendant in the carton box, the fact remains that it was searched while located in the trunk of the car which he admits having authorized Padilla to use. Defendant has attempted to make much ado about there being a distinction between the search of the car, which Padilla as its authorized user could have allowed, and the search of the box located in its trunk, which he avers Padilla could not have consented to be searched. While such a distinction would perhaps be relevant in other circumstances, we do not see it having any bearing on the particular facts of this case. As observed by the Court of Appeals, "[t]he Supreme Court has explicitly stated that '[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.'" United States v. López, 380 F.3d 538, 544-45 (1st Cir. 2004) (quoting California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982 (1991)). Certainly, when the law enforcement officers made the traffic stop at issue here they had probable cause to warrantless search the carton box located in the automobile's trunk, even in the absence of consent by any person having a privacy interest over it, given that the information they had received up to that point, as provided by the confidential informant, as confirmed by their surveillance, and, as obtained from their review of police records, indicated that it could contain

---

[2] TR., p. 15, lines 13-17; p. 16, lines 6-10; p. 17, lines 1-4; p. 18, lines 19-23.

CRIMINAL 06-0116CCC                              4

evidence of a crime.  See Illinois v. Gates, 462 U.S. 213, 238 (1983) (probable cause to search attaches when there is "a fair probability that contraband or evidence of a crime will be found in a particular place.")

Accordingly, and for the reasons stated, the Motion for Relief and Suppression of Evidence filed by defendant José Pérez-Quirsola (**docket entry 48**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 27, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge